IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Matthew James Lathram, )
    Petitioner, )
    )
v. ) 1:10cv59 (TSE/TRJ)
    )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Matthew James Lathram, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions of multiple felonies in the Circuit Court for the County of Loudon, Virginia. The petition initially was filed on January 8, 2010. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Lathram was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on November 3, 2010. For the reasons that follow, Lathram's claims must be dismissed.

### I. Background

On March 22, 2004, seventeen-year-old Matthew Lathram and some friends were talking, smoking marijuana, and playing with guns in his grandparents' basement. See Pet. 4, ECF No. 1; see also Va. Ct. App. Op. 3, ECF No. 1-2. Lathram accidentally discharged a gun and killed one of his friends. See Va. Ct. App. Op. 3, ECF No. 1-2. When the police arrived, they found four firearms (three of which had been stolen), cocaine, psilocin, marijuana, books about growing marijuana, $2,800, and drug paraphernalia. Id.

Lathram was indicted by a grand jury for seven felonies: involuntary manslaughter,

possession of cocaine, possession with intent to distribute psilocin, possession with intent to distribute marijuana, possession of a sawed-off shotgun, possession of a controlled substance while possessing a firearm, and receipt of stolen property. Id. He was certified for trial as an adult. See Va. Sup. Ct., Pet. For Appeal, at 10. On December 6, 2004 in the Circuit Court for the County of Loudon, Virginia, Lathram entered a guilty plea to all of the charges. Commonwealth v. Lathram, Case No. CR16316. The sentencing guidelines recommended incarceration ranging from two years to two years and eight months. See Va. Ct. App. Op. 3, ECF No. 1-2.

The court declined to follow the sentencing guidelines, explaining that they were "skewed" and "not right" in this case. See Va. Ct. App. Op. 3, ECF No. 1-2. The court instead sentenced Lathram to serve ten years with two years suspended for involuntary manslaughter; five years with four years suspended for possession of cocaine; fifteen years with ten years suspended for possession with intent to distribute psilocin, to run concurrently with fifteen years with ten years suspended for possession with intent to distribute marijuana; five years with three years suspended for possession of a sawed-off shotgun; five years with two years suspended for possession of a firearm while possessing drugs; and ten years with five years suspended for receipt of stolen property. Upon release, Lathram was to be on probation "for the rest of his natural life." See Pet. 2, ECF No. 1.

Lathram pursued a direct appeal to the Court of Appeals of Virginia, which affirmed his convictions but remanded the case because the trial court had exceeded the ten year maximum sentence for the conviction of possession with intent to distribute marijuana. Lathram v. Commonwealth, R. No. 0155-05-4 (Va. Ct. App. July 21, 2005). On remand, the trial court considered the entire sentence and reduced the sentence for possession with intent to distribute

2

marijuana to ten years, still to run concurrently with the sentence for possession with intent to distribute psilocin. Lathram was thus ultimately sentenced to a fifty year aggregate sentence, with twenty-five years suspended.

Lathram pursued another direct appeal to the Court of Appeals of Virginia, challenging the admission of certain evidence at sentencing, as well as the sentence that was imposed. The Court of Appeals denied the petition for appeal on December 20, 2007. Lathram v. Commonwealth, R. No. 0103-07-4 (Va. Ct. App. Dec. 20, 2007). On May 27, 2008, the Supreme Court of Virginia refused Lathram's petition for appeal. Lathram v. Commonwealth, R. No. 080165 (Va. May 27, 2008).

Lathram then pursued a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> (1) Lathram's rights under the Fifth, Sixth, and Eighth Amendments have been violated because Virginia's Sentencing Scheme is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), and trial counsel was ineffective for advising Lathram to rely upon the Virginia Sentencing Scheme.
>
> (2) The trial court improperly admitted unreliable hearsay and evidence of unadjudicated conduct, which violated Lathram's rights under the Confrontation Clause, as well as his rights to due process and equal protection under the Fourteenth Amendment and to a fair trial under the Sixth Amendment.
>
> (3) Counsel was ineffective by failing to investigate and present a meaningful defense, which resulted in the trial court's imposition of a grossly disproportionate sentence in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the affirmation of which violated Lathram's right to due process.
>
> (4) Lathram's right to a fair and impartial trial by an impartial judge was violated by these errors, and counsel was ineffective for failing to make this objection at trial and failing to pursue this issue on

appeal.

The court refused the petition on January 5, 2010. Lathram v. Dir., Dep't of Corr., R. No. 091068 (Va. Jan. 5, 2010).

On January 8, 2010, Lathram filed the instant federal habeas petition,[1] raising the same claims he raised in the state habeas petition. Based on the pleadings and record, this matter is now ripe for review on the merits.

## II. Procedural Default

Lathram's argument in claim (1) that his rights under the Fifth, Sixth, and Eighth Amendments have been violated because Virginia's Sentencing Scheme is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), is barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. Additionally, Lathram's argument in claim (2) that his Confrontation Clause rights, due process and equal protection rights under the Fourteenth Amendment, and right to a fair trial under the Sixth Amendment were violated is also barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default.

A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, Lathram states that the petition was submitted for mailing on January 8, 2010.

4

procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed these portions of these claims as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in his Motion to Dismiss, and Lathram addressed the issue in his Opposition to the Motion to Dismiss. Specifically, Lathram admits that he did not raise his argument that his rights under the Fifth, Sixth, and Eighth Amendments were violated because Virginia's Sentencing Scheme is unconstitutional under Blakely during his direct appeal in state court, and that the Virginia Supreme Court found the argument to be procedurally defaulted under Slayton. See Opp'n 6, ECF No. 22.

Although Lathram does not explicitly advance any cause and prejudice argument, he does assert that this claim should be reviewed because "[t]here is an absence of available state corrective process...and...[c]ircumstances exist that render such process ineffective to protect the rights of the Petitioner." Id. In support of his argument, Lathram cites 28 U.S.C. § 2254(b)(1)(B)(i) and 28 U.S.C. § 2254(b)(1)(B)(ii). This argument is without merit because a state corrective process was available to Lathram: he could have presented this argument to the Supreme Court of Virginia in his

5

direct appeal. See generally Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143, 145 (4th Cir. 1990) ("As a general matter, it is well-settled that a criminal defendant may not flout compliance with state procedures and look to federal courts to save him from the consequences of his actions."). Lathram argues that he could not raise this claim in his direct appeal because Virginia Code § 19.2-298.01(F) states "The failure to follow any or all of the provisions of this section or the failure to follow any or all of the provisions of this section in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." While it is true that a defendant cannot challenge the sentence that was imposed on direct appeal, this statute does not prevent a defendant from raising the issue of the constitutionality of Virginia's Sentencing Scheme itself on direct appeal. Cf. Luttrell v. Commonwealth, 592 S.E.2d 752, 755 (Va. 2004) ("The statute [] precludes appellate review of the sentence."). Therefore, a state corrective process was available to Lathram. Nonetheless, even if Lathram were allowed to raise this claim for the first time in this federal petition, he would not prevail on the merits because the Virginia Sentencing Scheme is discretionary and, therefore, constitutional. See United States v. Booker, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) (noting that Virginia's sentencing guidelines are "entirely discretionary").

Furthermore, Lathram does not make any argument pertaining to actual innocence or any other showing that the failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, these portions of claims (1) and (2) must be dismissed.

Because Lathram exhausted the remaining portions of claims (1) and (2), as well as claims (3) and (4) in their entirety, as required under 28 U.S.C. § 2254, they will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

A. Trial Counsel Was Ineffective When He Advised Lathram to Rely on the Sentencing Guidelines

In claim (1), Lathram argues counsel provided ineffective assistance of counsel by advising

7

Lathram to rely on the sentencing guidelines when he decided to enter a guilty plea. The Supreme Court of Virginia rejected this claim on the merits. Specifically, the Court dismissed the claim as failing to satisfy the standard for ineffective assistance of counsel articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). See Va. Sup. Ct. Op. 2, ECF No. 1-2. In reviewing the state court's decision as to claim (1), Lathram fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." <u>Strickland</u>, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" <u>id.</u> at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." <u>Id.</u> at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689; <u>see also</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy <u>Strickland</u>'s prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in

open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

Lathram contends that his lawyer provided ineffective assistance by counseling Lathram to rely on the sentencing guidelines when advising him to enter a guilty plea without a sentencing agreement. When Lathram made the same argument in his state petition for habeas corpus relief, the Supreme Court of Virginia first discussed the requirements of Strickland, and then found the claim to be without merit because Lathram could not demonstrate either deficient performance or prejudice. Specifically, the Court explained:

> The record, including the trial transcripts, demonstrates that in exchange for petitioner's guilty plea, the Commonwealth agreed to ask the court to run petitioner's sentences for possession with intent to distribute Psilocin and possession with intent to distribute marijuana concurrently to each other, but consecutive to the remaining sentences. In addition, the trial court correctly explained to petitioner the sentences he faced on each charge, and petitioner indicated he understood that he was subject to sentencing within the range set by the legislature. The trial court found petitioner to have entered his pleas intelligently and voluntarily, and petitioner was sentenced in accordance with his plea agreement. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

See Va. Sup. Ct. Op. 2-3, ECF No. 1-2.

Manifestly, the Supreme Court of Virginia correctly identified and reasonably applied the

standard for ineffective assistance of counsel from Strickland, see id. at 2, so Lathram has failed to show that its decision was contrary to clearly established federal law. See Williams, 529 U.S. at 413. Furthermore, the Supreme Court of Virginia reasonably applied the Strickland standard to the facts of Lathram's case in finding that counsel's advice was objectively reasonable and that Lathram could not demonstrate that the outcome would have been different if his attorney had not counseled Lathram to rely on the guidelines given that Lathram entered his pleas intelligently and voluntarily. Strickland, 466 U.S. at 696 ("...the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged"). Therefore, Lathram also fails to demonstrate that the Supreme Court of Virginia's decision was an unreasonable application of clearly established federal law. See Williams, 529 U.S. at 413.

Finally, Lathram has not provided clear and convincing evidence to rebut the presumption that the Supreme Court of Virginia's factual findings were sound. In particular, Lathram has not made any arguments that show that his guilty plea was unintelligent or involuntary. Rather, Lathram states that counsel's advice gave Lathram "the false hope and belief that the guidelines were meaningful, important, and significant in the sentencing decision of the trial court," see Opp'n 9, ECF No. 22, but he does not deny that he indicated that he understood that he was subject to sentencing within the range set by the legislature when he entered his guilty plea. See Va. Sup. Ct. Op. 2-3, ECF No. 1-2. Together, these factors support the conclusion that Lathram's plea was voluntary and intelligent. Therefore, he has also failed to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts, see Miller-El, 545 U.S. at 240, and this claim must be dismissed.

B. Trial Court Erred By Admitting Hearsay and Evidence of Unadjudicated Conduct

In claim (2), Lathram argues that the trial court improperly admitted unreliable hearsay and evidence of unadjudicated conduct at sentencing. The relevant testimony was that of D.K. Shomaker, who testified that an unnamed man at a grocery store had told him that teenagers had said that Lathram was bragging to his friends at the detention center about shooting the victim. See Pet. 24, ECF No. 1. The other evidence that Lathram finds objectionable was contained in the Commonwealth's sentencing memoranda and included the victim's report cards and letters to his mother. See Pet. 24-25, ECF No. 1. These claims are not cognizable in this federal proceeding and must be dismissed.

It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Consequently, Lathram's objection to the admission of this evidence is only cognizable in this proceeding insofar as Lathram alleges that its admission violated his federal rights.

Here, there is no constitutional claim to be found in the petition. The arguments made in support of this claim in the petition for appeal to the Supreme Court of Virginia cited primarily to sections of the Virginia Code and Virginia case law. See Va. Sup. Ct., Pet. For Appeal, at 23. To the extent that Lathram seeks to argue here that evidence was improperly admitted under the Confrontation Clause, his argument is without merit. See United States v. Williams, 343 Fed. App'x 912, 914 (4th Cir. 2009) ("Moreover, Crawford v. Washington, 541 U.S. 36, 50-51, 124 S.Ct. 1354,

12

158 L.Ed.2d 177 (2004)...did not alter the general rule that hearsay evidence admitted at sentencing does not violate a defendant's confrontation rights.") (citations omitted).[2] Therefore, this claim must be dismissed.

C. Counsel Was Ineffective By Failing to Present a Meaningful Defense

In claim (3), Lathram argues counsel provided ineffective assistance of counsel by failing to prepare a meaningful defense, which resulted in the trial court's imposition of a grossly disproportionate sentence in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and the affirmation of which violated Lathram's right to due process. The Supreme Court of Virginia rejected this claim on the merits. Specifically, the Court dismissed the claim as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland, 466 U.S. at 668. See Va. Sup. Ct. Op. 4, ECF No. 1-2. In reviewing the state court's decision as to

---

[2] Indeed, the Fourth Circuit is one of numerous circuit courts to hold that a defendant's Confrontation Clause rights are not violated when hearsay evidence is admitted at sentencing. See United States v. Bras, 483 F.3d 103, 109 (D.C. Cir. 2007) ("...we join our sister circuits in holding that nothing in Crawford or Booker 'alter[s] the pre-Crawford law that the admission of hearsay testimony at sentencing does not violate confrontation rights'") (citations omitted); United States v. Beydoun, 469 F.3d 102, 108 (5th Cir. 2006) ("...we conclude that there is no Crawford violation when hearsay testimony is used at sentencing, rather than at trial.") (citations omitted); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (holding that the admission of hearsay testimony at a sentencing hearing cannot be plain error and noting that "[t]he other circuit courts to consider this question have unanimously concluded that Crawford does not alter the pre-Crawford law that the admission of hearsay testimony at sentencing does not violate confrontation rights") (citations omitted); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005) ("Nothing in Crawford requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing."); United States v. Martinez, 413 F.3d 239, 240 (2d Cir. 2005) ("...the constitutional right of confrontation does not bar the consideration of hearsay testimony at sentencing proceedings..."), cert. denied, 546 U.S. 1117 (2006).

claim (3), Lathram fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

As explained above, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant" to establish ineffective assistance of counsel. See Strickland, 466 U.S. at 687. Lathram presented this claim in his state petition for habeas corpus relief, and the state court found it to be without merit under Strickland because Lathram could not demonstrate either deficient performance or prejudice. Specifically, the court explained:

> Petitioner acknowledges that trial counsel attempted to establish that petitioner's frontal lobe was underdeveloped at the time of the offense, but contends that counsel failed to procure a neurology expert and failed to have "neuroimaging" done...Petitioner has failed to provide an affidavit from a neurology expert to indicate what the expert's testimony would have been and fails to articulate what "neuroimaging" would have shown. Furthermore, petitioner fails to articulate how the sentence imposed, which was within the range set by the legislature, was in violation of the Eighth Amendment. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there was a reasonable probably that, but for counsel's alleged errors, the result of the proceeding would have been different.

See Va. Sup. Ct. Op. 4-5, ECF No. 1-2. Lathram has failed to show that this decision was contrary to clearly established federal law because the court correctly identified and used the standard for ineffective assistance of counsel from Strickland. See 466 U.S. at 4; see also Williams, 529 U.S. at 413. Moreover, the court reasonably applied the Strickland standard to the facts of Lathram's case in finding that counsel's performance was not deficient because counsel made an argument concerning Lathram's underdeveloped frontal lobe. Additionally, in his petition for habeas corpus

14

in the Supreme Court of Virginia, Lathram recognized that counsel "established a *likelihood*...that the frontal lobe of Petitioner's brain was underdeveloped during the period of his improper conduct..." and included citations to the transcript where counsel had made the relevant arguments. See Va. Sup. Ct., Pet. Habeas, at 21. Given that the record demonstrates that the trial court was aware of the significance of counsel's frontal lobe arguments, Lathram has failed to demonstrate that the additional evidence to support this argument would have changed the court's factual findings. Thus, Lathram has not demonstrated that the outcome would have been different if his attorney had arranged for a neurology expert to testify or had arranged for "neuroimaging" to be done, and Lathram has failed to demonstrate that the Supreme Court of Virginia's decision was an unreasonable application of clearly established federal law. See Strickland, 466 U.S. at 695; see also Williams, 529 U.S. at 413.

Finally, Lathram has not provided clear and convincing evidence to rebut the presumption that the court's factual findings were sound. In particular, Lathram has not shown that the expert testimony and neuroimaging evidence would have had any effect on the trial court's decision. Lathram has therefore failed to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts, see Miller-El, 545 U.S. at 240, and this claim must be dismissed.

D. Lathram's Right to a Fair and Impartial Trial with an Impartial Judge was Violated By These Errors, and Counsel was Ineffective for Failing to Raise This Issue

In claim (4), Lathram argues that his right to a fair and impartial trial by an impartial judge

was violated by the foregoing errors, and counsel was ineffective for failing to make this objection at trial and failing to pursue this issue on appeal. On direct appeal, the Supreme Court of Virginia rejected this claim on the merits without explanation. See Va. Sup. Ct. Op. 1, May 27, 2008. Additionally, when considering Lathram's state petition for habeas corpus, the Supreme Court of Virginia dismissed this claim of ineffective assistance of counsel on the merits as failing to satisfy the standard articulated in Strickland, 466 U.S. at 668. See Va. Sup. Ct. Op. 5, ECF No. 1-2. In reviewing the state court's decisions as to claim (4), Lathram fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

Lathram argues that his right to a fair trial by an impartial judge had been violated by the errors he describes in his federal habeas petition. Because it has been established that no federally cognizable errors were committed at sentencing, this claim must be dismissed. See generally Liteky v. United States, 510 U.S. 540, 555 (1994) ("...judicial rulings alone almost never constitute a valid basis for a bias or partiality motion...[and a]lmost invariably, they are proper grounds for appeal, not for recusal"). Additionally, Lathram's claim of ineffective assistance of counsel for failing to present this argument at trial and on appeal must be dismissed.

Again, to succeed on a claim of ineffective assistance of counsel, Lathram must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." See Strickland, 466 U.S. at 687. Lathram presented this claim in his state petition for habeas corpus relief. The state court found it to be without merit under Strickland because Lathram could not demonstrate either deficient performance or prejudice. Specifically, the court explained:

> The record demonstrates that petitioner's counsel made many objections to the admissibility of evidence at sentencing and that the trial judge admitted the evidence and found that counsel's arguments went to the weight of the evidence, not the admissibility. In addition, the trial judge's decision to admit the evidence does not support a recusal motion based on bias, see Liteky v. United States, 510 U.S. 540, 555 (1994), and counsel cannot be ineffective for failing to make a recusal motion at sentencing, or by failing to raise this claim on appeal. Moreover, the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every issue on appeal. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

See Va. Sup. Ct. Op. 6, ECF No. 1-2. Lathram has failed to show that this decision was contrary to clearly established federal law because the court correctly identified and used the standard for ineffective assistance of counsel from Strickland. See 466 U.S. at 4; see also Williams, 529 U.S. at 413.

Moreover, the court reasonably applied the Strickland standard to the facts of Lathram's case in finding that counsel's performance was not deficient. Counsel objected to the admission of the relevant evidence, and he was not constitutionally obligated to make a motion for recusal or to appeal this issue. See Liteky, 510 U.S. at 555; see also Jones, 463 U.S. 754 (recognizing that the Constitution does not require appellate counsel to raise every colorable claim on appeal). Furthermore, Lathram has failed to demonstrate that any other approach by his attorney would have been likely to change the court's decision. Thus, Lathram has not demonstrated that the outcome would have been different if his attorney had pursued this issue on appeal, and has failed to

demonstrate that the Supreme Court of Virginia's decision was an unreasonable application of clearly established federal law. See Strickland, 466 U.S. at 695; see also Williams, 529 U.S. at 413.

Finally, Lathram has not provided clear and convincing evidence to rebut the presumption that the court's factual findings were sound. In particular, although Lathram has quoted numerous passages from the trial transcript, he has not shown that the trial judge was biased in this case. See generally Liteky, 510 U.S. at 555-56 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even...judges, sometimes display."). Lathram has therefore failed to demonstrate that the Supreme Court of Virginia's decision was based on an unreasonable determination of the facts, see Miller-El, 545 U.S. at 240, and this claim must be dismissed.

### V. Conclusion

For the above stated reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 16th day of February 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge